THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* P. T. COX CONSTRUCTION CO., INC., and FRANK MURRY, Defendants.

City Magistrates' Court of New York, Traffic Court, Borough of Manhattan, October 10, 1939.

*Legal Bureau of Police Department of City of New York* [*Daniel P. A. Sweeney* and *Louis Sisapel* of counsel], for the plaintiff.

*Robert M. Davitt*, for the defendants.

McKINIRY, C. M. The defendant corporation is charged with owning and causing to be operated, and the individual defendant charged with operating, an unlicensed vehicle on the public highway.

The vehicle in question is a motor truck on which is permanently mounted a large crane. The defendants contend that this type of motor vehicle is a " tractor crane " and, therefore, exempt from license requirements under subdivision 8 of section 2 of the Vehicle and Traffic Law. The prosecution claims that the vehicle is not a tractor crane but a truck crane and, therefore, requires a license. The Motor Vehicle Bureau, under advice of its counsel, has ruled for a number of years in agreement with defendants' contention. The Attorney-General has differed with the Motor Vehicle Bureau but left the decision of the question to the Bureau as a matter of practical construction in each instance as it might arise. There is no court decision in point and defendants rest on the familiar rule that the interpretation placed on any provision of law by public officials charged with the duty of enforcement is entitled to great respect and should be binding, if such provision is dubious in meaning.

But the legislative intent is always paramount, and in that connection it is conceded by both sides that this particular type of vehicle was not even in existence at the time of the enactment of subdivision 8 of section 2. How could the Legislature, therefore, intend to exempt such vehicle unless the words " tractor crane " clearly and unmistakably describe the vehicle? But such is not the case; and when the words " tractor crane," particularly the word " tractor," are given their ordinary meaning (which, of course, is another important rule of construction) it is difficult to see the correctness of the view of the Motor Vehicle Bureau.

The dictionaries show the derivation of the word from a root word which implied and meant the operation of drawing or pulling, and that traction meant the act of drawing, particularly the act of drawing by motor power over a surface.

It seems quite clear the Legislature meant the type of vehicle then known and used, namely, the slow-moving caterpillar type,

and not a vehicle that has since come into existence such as this motor truck crane capable of a speed of thirty miles an hour.

It is interesting to note that even in defendants' brief an advertisement or page of a catalogue of a manufacturer is annexed to show a picture of this type of vehicle, and the manufacturer uses the words " truck crane."

This advertisement shows the first revolving truck crane came into existence in 1918 and speaks of the tremendous development of such truck cranes. Evidently the advertiser realized that " tractor " would not describe the machine, but rather emphasizes the descriptive words " truck crane." Clearly, therefore, this vehicle is not a tractor, but rather a truck crane and does not come within the exception. The defendants, therefore, are found guilty, but inasmuch as this concededly is a test case sentence is suspended.